IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01842-BNB

WILLIAM EUGENE ROSE,

    Plaintiff,

v.

TERRY MAKETA, is sued in his individual and official capacity,
BRAD SHANNON, is sued in his individual and official capacity,
DETECTIVE DAY, is sued in his individual and official capacity,
JANE DOE (1), is sued in her individual and official capacity,
JOHN DOE (1), is sued in his individual and official capacity,
CITY OF COLORADO SPRINGS, CO., is sued in its individual and official capacity,
COUNTY OF EL PASO, COLORADO, is sued in its individual and official capacity,
JANE DOE (2), is sued in her capacity as a private citizen, and
JOHN DOE (2) is sued in his capacity as a private citizen,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP - 3 2008

GREGORY C. LANGHAM
              CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, William Eugene Rose, currently is incarcerated in the El Paso County, Colorado, detention facility. He has filed *pro se* a civil rights for declaratory and injunctive and for money damages pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343 (a)(3), and 28 U.S.C. §§ 2283 - 2284. He has paid the $350 filing fee.

The Court must construe the complaint liberally because Mr. Rose is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rose will be ordered to file an amended complaint.

Plaintiff's complaint is not a model of clarity. Mr. Rose makes confusing, nonchronological allegations about his convictions, probation violations, and imprisonments, and he attaches to the complaint documents referenced throughout the complaint but the relevance of which he fails to explain. He also fails to allege which claims are asserted pursuant to which statute. He apparently asserts that, pursuant to a plea bargain, he was convicted in June 2006 of second-degree sexual assault on his wife of eighteen years. He complains that on August 23, 2006, prior to his release from prison, he was informed by the Colorado Parole Board that he was classified as a sexually violent predator based upon his second-degree sexual assault conviction. He also complains that, because of the sexual-predator classification, his community was notified of his release from prison. As a result, he alleges that he suffered from emotional problems, was arrested because of a domestic incident with his wife, which apparently underlies his current incarceration, and that his wife left him. On the basis of these allegations, he asserts nine claims.

The complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The amended complaint Mr. Rose will be directed to file must comply with Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Rose "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007). Under 42 U.S.C. § 1983, Mr. Rose must allege that Defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Private citizens do not act under color of state law.

Mr. Rose must allege exactly what each Defendant did to violate his constitutional rights and which constitutional rights were violated. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Rose must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473

3

U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Rose may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Rose uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

Lastly, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Rose cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Accordingly, it is

ORDERED that Mr. Rose file **within thirty (30) days from the date of this order** an amended complaint as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Rose, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Rose fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 3, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01842-BNB

William Eugene Rose
Prisoner No. A00184652
El Paso County Det. Facility
2739 E. Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 9/3/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk