IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -9 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-01842-BNB

WILLIAM EUGENE ROSE,

Plaintiff,

v.

ARISTEDS [sic] ZARARAS [sic], Executive Director of Colorado Dept. of Corrections,
JANE DOE NO. 1, is sued in her individual and official capacity,
TERRY MAKETA, Head Sheriff, El Paso County, Colo.,
BRAD SHANNON, is sued in his individual and official capacity, and
DETECTIVE DAY, is sued in his individual and official capacity,

Defendants.

## ORDER OF DISMISSAL

Plaintiff, William Eugene Rose, currently is incarcerated in the El Paso County, Colorado, detention facility. He filed *pro se* a civil rights for declaratory and injunctive and for money damages pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343(a)(3), and 28 U.S.C. §§ 2283 - 2284. He has paid the $350.00 filing fee.

On September 3, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Rose to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, that alleged each Defendant's personal participation in the asserted constitutional violations, and that sued the proper parties. On September 18, 2008, Mr. Rose filed an amended complaint.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Plaintiff is a prisoner and is seeking redress from an officer or employee of a governmental entity. The Court must construe the amended complaint liberally because Mr. Rose is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the amended complaint.

Mr. Rose asserts that, pursuant to a plea bargain, he was convicted on June 21, 1999, in *People v. Rose*, No. 99CR558, of second-degree sexual assault on his wife. He originally was sentenced on September 30, 1999, to probation. His probation was revoked, and he was resentenced on April 7, 2003, to the Colorado Department of Corrections. He complains that on August 23, 2006, prior to his September 10, 2006, release from prison, Defendant Jane Doe of the Colorado Parole Board informed him that he would be classified for life as a sexually violent predator based upon his second-degree sexual assault conviction and Defendant, El Paso County Sheriff's Department Commander Brad Shannon, notified the community in which he lived of his release from prison and of his classification as a sexually violent predator. He further complains that before his release from prison, Defendant, El Paso County Sheriff's Department Detective Day, forced him to register as a sexually violent predator.

He asserts that on July 9, 2008, following a hearing, the El Paso County District Court entered an order finding that in No. 99CR558 the court "did not make specific findings of fact nor did it enter an order indicating that the defendant was or was not a

sexually violent predator," *see* amended complaint at ex. 3 at 1, and directing the sex offender management board-approved evaluator to conduct a new offense specific evaluation of Mr. Rose that included "an assessment regarding whether defendant meets the criteria of sexually violent predator" pursuant to Colo. Rev. Stat. § 18-3-414.5. *See* amended complaint at ex. 3 at 3.

On the basis of these allegations, Mr. Rose asserts two claims. He alleges that his due process and equal protection rights were violated in 2006 by Ms. Doe when she classified him as a sexually violent predator, by Commander Shannon when he notified the community that he was a sexually violent predator, and by Detective Day when he forced him to register as a sexually violent predator. As his second claim, he alleges that these Defendants violated his right to privacy for the same reasons. As relief, he asks for money damages, for declaratory relief that his constitutional rights have been violated, and for injunctive relief to stop Colorado state and county agencies from classifying him as a sexually violent predator and to remove his name from all federal, state, county, and city records classifying him as a sexually violent predator.

Mr. Rose clearly is unhappy that the events occurring in 2006 may have been based upon his erroneous classification as a sexually violent predator. However, based upon the July 6, 2008, order, Mr. Rose's disagreement appears to be with the state trial court for failing to determine in a timely manner whether he meets the criteria of a sexually violent predator. A trial court determines whether an offender is a sexually violent predator. *See* Colo. Rev. Stat. 18-3-414.5(2); *see also People v. Stead*, 66 P.3d 117, 119 (Colo. Ct. App. 2002).

Moreover, if the state trial court currently is in the process of making that determination, this Court may not interfere with ongoing state proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention applies, even if the state proceedings are ongoing when the federal action is filed, so long as the state action implicates important state interests with which a federal judgment would interfere. *See D. L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004) (citing *Younger*, 401 U.S. at 54).

If the state proceedings are concluded and Mr. Rose is attempting to recover damages by challenging his adjudication as a sexually violent predator, he may not do so. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Mr. Rose does not allege, and nothing in the Court's file indicates, that he has invalidated his classification as a sexually violent predator. Therefore, the amended complaint for damages also is barred by *Heck*, and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

4

ORDERED that the amended complaint and the action are dismissed without prejudice as barred by the rules in *Younger v. Harris*, 401 U.S. 37 (1971), and in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that the motion for appointment of counsel filed on September 18, 2008, is denied as moot. It is

FURTHER ORDERED that the motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 filed on September 18, 2008, is denied as unnecessary because Mr. Rose paid the full $350.00 filing fee.

DATED at Denver, Colorado, this 8 day of Oct, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01842-BNB

William Eugene Rose
Prisoner No. A00184652
El Paso County Det. Facility
2739 E. Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/9/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk